**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**TERRANCE CHATMAN,**

            **Petitioner,**

**v.**                                                                **Civil Action No. 2:17cv141
                                                                (Judge Bailey)**

**JOE COAKLEY,**

            **Respondent.**

**REPORT AND RECOMMENDATION**

**I. Introduction**

On November 29, 2017, the *pro se* Petitioner, Terrance Chatman, an inmate incarcerated at USP Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence. The Petitioner has satisfied the filing fee. ECF No. 4.

The matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**II. Factual and Procedural History[1]**

---

[1] The facts are taken from the Petitioner's criminal Case No. 2:08cr659 in the United States District Court for the Eastern District of Pennsylvania, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

### A.  Conviction and Sentence

On October 28, 2009, a grand jury in the Eastern District of Pennsylvania returned an indictment against the Petitioner charging him with one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c) (Count One); one count of possession of cocaine base ("crack") with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and b(1)(c) (Count Two); one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count Three); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four). ECF No. 1. On August 10, 2010, approximately three months before trial, the Government filed an information pursuant to 21 U.S.C. § 851, charging the Petitioner with having previously been convicted of multiple felony counts of possession of cocaine with intent to distribute and conspiracy to possess cocaine with intent to distribute in the Court of Common Pleas of Montgomery County on July 30, 1996. ECF No. 23. Following a three day trial, the jury found the Petitioner guilty on all counts of the indictment. ECF No. 50.

A draft pre-sentence report was prepared, classifying the Petitioner as both a career offender under U.S.S.G. § 4B1.1 and an armed career criminal under 18 U.S.C. 924(e) and U.S.S.G. § 4B1.4. The Petitioner objected to this classification in his sentencing memorandum. ECF No. 60. In light of the objections, the probation officer reassessed the issue and concluded that the Petitioner did not qualify as a career offender, but did qualify as an armed career criminal based on his 1996 conviction for drug offenses committed on three different days in June and July 1995. The revised presentence report calculated the applicable Sentencing Guidelines using the manual

effective November 1, 2010. The drug offenses (Count One and Two) involved 21.89 grams of crack and 27.11 grams of powder cocaine. Under the Sentencing Guidelines these offenses produced a base offense level of 24. However, this offense level was increased to 34 because of the Petitioner's status as an armed career criminal. Furthermore, pursuant to U.S.S.G. § 4B1.4(b)(3)(A) and (c)(2), and in light of the Petitioner's conviction for possession of a firearm by a convicted felon, and because the Petitioner possessed the firearm in connection with a controlled substance offense, the base offense level became 34 and the criminal history category was VI. This produced an advisory sentencing range of 262 to 327 months. The Court also was required to impose a consecutive 60 month sentence on Count Three for possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). This produced a guideline range of 322 to 387 months.[2]

On April 25, 2011, the Court imposed concurrent sentences of 300 months' imprisonment on Counts One, Two and Four, and a consecutive term of imprisonment of 60 months on Count Three, for a total sentence of imprisonment of 360 months, which was within the guideline range. ECF No. 70. The Court further directed that  the prison term run consecutively to a state term of imprisonment of 8 ½-17 years stemming from a conviction for aggravated assault, a crime the Petitioner committed while on bail awaiting trial in his federal matter. The Court also imposed a cumulative term of supervised release of eight years, a fine of $2500 and a special assessment of $400.

**B. Appeal**

---

[2] The undersigned does not have access to the PSR, but instead, has relied on the information regarding the same supplied in the Government's response to the § 2255 motion, and the Court's order denying the motion.

On May 5, 2011, the Petitioner filed a timely appeal from the judgment of conviction and sentence. In his appeal, the Petitioner argued, among other things, that the district court erred in determining that he was an armed career criminal subject to the sentencing provision of 18 U.S.C. § 924(e). By unpublished opinion dated August 27, 2012, the Third Circuit affirmed the conviction in its entirety. United States v. Chatman, 487 Fed.Appx. 769 (3d Cir. 2012). The Petitioner sought certiorari in the Supreme Court, which was denied on January 7, 2013. 133 S.Ct. 912 (2013).

### C.  Motion to Vacate

On November 19, 2013, the Petitioner filed a pro se motion for relief under 28 U.S.C. § 2255.  ECF No. 91. The Petitioner asserted eight separate grounds for relief, four based on ineffective assistance of counsel and four based on due process violations. Specifically, the Petitioner argued that his trial counsel was ineffective for (1) failing to object to the proposed jury instructions; (2) failing to investigate whether he would be sentenced under § 851 or to advise him the Government was seeking enhanced penalties under that provision; (3) failing to object to the PSR; and (4) withdrawing an objection to his classification as an armed career criminal in the final PSR. The Petitioner also alleged his due process rights were violated because (1) the PSR contained false information regarding his criminal history; (2) the prosecution misled the Court about its authority to run his federal sentence concurrently with his state sentence; (3) as a result of the armed career criminal enhancement, the Court imposed a sentence greater than necessary to comply with the purposes of federal sentencing; and (4) the sentence imposed was procedurally and substantively unreasonable. On April 24, 2014, the Government responded to the Petitioner's § 2255

4

motion. ECF No. 96. On December 23, 2015, the Court concluded that the Petitioner was not entitled to relief on any of the claims presented in his § 2255 motion and denied the same without an evidentiary hearing. ECF No. 97.

On January 27, 2016, the Petitioner filed a Notice of Appeal. ECF No. 99. On July 20, 2016, the Court of Appeals denied the Petitioner a certificate of appealability. ECF No. 101.

**D.    Instant § 2241 Petition**

The Petitioner attacks his sentence alleging that his sentence as an armed career criminal is no longer valid. More specifically, the Petitioner alleges the decision in <u>Mathis v. United States</u>[3], 136 S.Ct. 2243 (2016) establishes that his prior drug convictions in the State of Pennsylvania under 35 PA. Stat. Ann. 780-113(a)(30) do not fit the federal definition of  a "serious drug offense." ECF No. 1-1 at p. 7.

The Petitioner contends that he meets the savings clause for the simple reason that the Supreme Court made a substantive ruling in <u>Mathis</u> which is retroactive. <u>Id.</u> at p. 8. For relief, the Petitioner asks this Court to vacate his sentence and resentence him without the illegal enhancement. <u>Id.</u> at p. 9.

### III. Legal Standard

**A.    Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions

---

[3] In <u>Mathis</u>, the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 934(e), and found that Iowa's burglary statute encompassed conduct broader than  that encompassed by federal generic burglary as defined in <u>Taylor v. United States</u>, 495 U.S. 575, 598 (1990) and, thus, did not qualify as a crime of violence under the ACCA.

for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.    Pro Se Litigants.

As a pro se litigant, the Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C.    Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison

6

conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[4] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

---

[4]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.  The date on which the judgment of conviction becomes final;
    b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

8

Wheeler, supra, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

### IV. Analysis

Although Petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application.   Because the Petitioner is not challenging his conviction the Jones test does not apply. Instead, the Court must review the petition under the Wheeler four prong savings clause test for erroneous sentences. Even assuming that the Petitioner could satisfy the first and third prongs of Wheeler, he has not established that, subsequent to his first § 2255 motion, the "settled substantive law [that established the legality of his sentence] changed and was deemed to apply retroactively on collateral review," as required by the second prong.

Liberally construed, the Petitioner appears to assert that, pursuant to Mathis, there has been an intervening change in substantive law that retroactively affects his case. Contrary to the Petitioner's argument, district courts in this Circuit and elsewhere have held that Mathis does not represent a substantive change in the law. See, e.g., Stewart v. United States, No. CR ELH-17-1408, 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (recognizing that Mathis did not announce a new substantive rule applicable to cases on collateral review); Dimott v. United States, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068115, at *3 (D. Maine Oct. 14, 2016) ("The Supreme Court made clear that it was not breaking new ground in Mathis . . . ."); Blackwell v. United States, Case No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, Mathis does not set a new rule.").

Rather than changing settled substantive law in <u>Mathis</u>, the Supreme Court reaffirmed precedent in existence well before the Petitioner's conviction, sentence and § 2255 motion:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . And that rule does not change when the statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were-just the facts, which ACCA (so we have held, over and over) does not care about.

136 S.Ct. at 2557. Put simply, <u>Mathis</u> sets forth a "procedural rule that has not been made retroactive on collateral review." <u>Fisher v. Rickard</u>, No. 1:17-CV-03730, 2018 WL1405324, at *4 (S.D. W. Va. Feb. 16, 2018), report and recommendation adopted, No. CV 1:17-03730, 2018 WL 1404279 (S.D.W. Va. Mar. 20, 2018). <u>See also</u> <u>Walker v. Kassell</u>, 726 Fed.Appx. 191, 2018 WL 2979571 (4th Cir. June 13, 2018) (<u>Mathis</u> has not been held retroactive applicable on collateral review, so Walker cannot proceed under §2241).

In summary, the Petitioner has failed to meet the second prong of the <u>Wheeler</u> test, and his claims may not be considered under § 2241.  Accordingly, this Court is without jurisdiction to consider the petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

# VI. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED without prejudice.**

10

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  July 30, 2018.

*/s James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

11